JMK
F#2013R00505

**14 MISC 370**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION            :
OF THE UNITED STATES OF AMERICA            :      SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE               :
USE OF PEN REGISTERS AND                   :
TRAP AND TRACE DEVICES                     :
- - - - - - - - - - - - - - - - - - - x
```

       Jacquelyn M. Kasulis, an Assistant United States Attorney

for the Eastern District of New York, hereby applies to the Court

for Orders pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing for

a period of 60 days the installation and use of pen registers and

trap and trace devices on (561) 366-2379 and (561) 366-2422,

telephones issued by RingCentral.com (the "service provider") (the

"SUBJECT TELEPHONES").

       In support of this application I state the following:

       1.    I am an Assistant United States Attorney in the Office

of Loretta E. Lynch, United States Attorney for the Eastern District

of New York.  As such, I am an "attorney for the Government" as

defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure,

and therefore, pursuant to 18 U.S.C. § 3122, may apply for Orders

authorizing the installation and use of pen registers and trap and

trace devices.

2.     The Court has authority to order the installation and use of a pen register or a trap and trace device anywhere in the United States if the Court finds that the attorney for the government has certified to the Court that the information likely to be obtained is relevant to an ongoing criminal investigation.   18 U.S.C. §§ 3122 and 3123.   As the United States Court of Appeals for the Second Circuit has explained, an application for a pen register or trap and trace device

> need only identify the applicant and the investigating law enforcement agency and certify that "the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2).   The provision was not intended to require independent judicial review of relevance; rather, the reviewing court need only verify the completeness of the certification.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); accord In re Applications, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

3.     Based on information provided to me by a special agent of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including money laundering, in violation of 18 U.S.C. § 1956, wire fraud, in violation of 18 U.S.C. § 1343, and securities fraud, in violation of 18 U.S.C. §§ 1348 and 1349 and 15 U.S.C. §§ 78j(b) and 78ff, by Robert Bandfield, Andrew Godfrey, Glenna Bergey, Rohn Knowles, Kelvin Leach, Brian De Wit, Cem Can, IPC Corporate Services, Inc., IPC Corporate Services, LLC, Titan International Securities, Legacy Global Markets, S.A., and Unicorn Securities, among others, occurring in the Eastern District of New York and elsewhere, and that the information likely to be obtained from pen registers and trap and trace devices on the SUBJECT TELEPHONES is relevant to that investigation.

4.     Based upon the above certification, the government requests that the Court issue an Order that provides:

a.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of pen registers to record or decode dialing, routing, addressing, or signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1]

---

[1]     PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F.

— transmitted from the SUBJECT TELEPHONES, to record the date and time of such dialings or transmissions, and to record the length of time the telephone receivers in question are "off the hook" for incoming or outgoing calls for a period of 60 days.

b.    Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for installation and use of trap and trace devices on the SUBJECT TELEPHONES to capture and record the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

---

Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).  Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency.  If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through.  Thus no PCTDD will be decoded or accessed by anyone.  See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

4

c.    Pursuant to 18 U.S.C. § 3123(b)(1)(C),
authorization for the requested installation and use of pen registers
and trap and trace devices to include any changed telephone numbers
for the SUBJECT TELEPHONES subsequently listed to the same subscriber
and assigned to the same cable, pair and binding post utilized by
the SUBJECT TELEPHONES within the 60-day period authorized by this
Order.

5.    The government further requests that the Court direct
the service provider, and any other person or entity providing wire
or electronic communication service in the United States whose
assistance is used to facilitate execution of the Order, to notify
special agents of the investigative agency, upon oral or written
request, of any and all changes (including additions, deletions, and
transfers) in service regarding the SUBJECT TELEPHONES, including
telephone numbers and subscriber information (published and
non-published, and excepting call detail records as described in 18
U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.    The government further requests that, pursuant to 18
U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service
of the Order upon them, the service provider and any other person
or entity providing wire or electronic communication service in the
United States whose assistance may facilitate execution of the Order
furnish the information, facilities, and technical assistance

5

necessary to accomplish unobtrusively the installation and use of the pen registers and trap and trace devices with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

7.     The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

6

8.    Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscribers of the telephones, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen registers and trap and trace devices to the listed subscribers for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person, unless and until otherwise ordered by the Court.  Any such disclosure might jeopardize this investigation because it would alert the targets to the existence of an investigation and might lead to the destruction and/or concealment of evidence and/or the flight of targets.

9.    No prior request for the relief set forth herein has been made except to the extent set forth above.  The foregoing is affirmed under the penalties of perjury.  See 28 U.S.C. § 1746.

Dated:    Brooklyn, New York
          April 7, 2014

Jacquelyn M. Kasulis
Assistant United States Attorney
(718) 254-6103

7

JMK
F#2013R00505

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

## 14 MISC 370

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION       :
OF THE UNITED STATES OF AMERICA       :        SEALED ORDER
FOR AN ORDER AUTHORIZING THE          :        OF AUTHORIZATION
USE OF PEN REGISTERS AND              :
TRAP AND TRACE DEVICES                :
- - - - - - - - - - - - - - - - - - - - x

        This matter comes before the Court pursuant to an

application by Assistant United States Attorney Jacquelyn M.

Kasulis, an attorney for the Government as defined by Rule 1(b)(1)

of the Federal Rules of Criminal Procedure and a duly-authorized

representative of a "governmental entity" under 18 U.S.C. § 2703(c)

and (d) requesting an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of pen

registers and trap and trace devices on (561) 366-2379 and (561)

366-2422, telephones issued by RingCentral.com (the "service

provider") (the "SUBJECT TELEPHONES").

        UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the

information likely to be obtained by use of pen registers and trap

and trace devices is relevant to an ongoing criminal investigation

being conducted by the Federal Bureau of Investigation (the

"investigative agency") into possible violations of federal criminal

laws, including money laundering, in violation of 18 U.S.C. § 1956,

wire fraud, in violation of 18 U.S.C. § 1343, and securities fraud,

in violation of 18 U.S.C. §§ 1348 and 1349 and 15 U.S.C. §§ 78j(b)

and 78ff, by Robert Bandfield, Andrew Godfrey, Glenna Bergey, Rohn

Knowles, Kelvin Leach, Brian De Wit, Cem Can, IPC Corporate Services,

Inc., IPC Corporate Services, LLC, Titan International Securities,

Legacy Global Markets, S.A., and Unicorn Securities, among others,

occurring in the Eastern District of New York and elsewhere, and that

the information likely to be obtained from pen registers and trap

and trace devices on the SUBJECT TELEPHONES is relevant to that

investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that

special agents of the investigative agency may install, or cause to

be installed, and use pen registers to record or decode dialing,

routing, addressing, or signaling information transmitted from the

SUBJECT TELEPHONES — excluding the decoding of post-cut-through

dialed digits ("PCTDD")[1] — to record the date and time of such dialings

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant

3

or transmissions, and to record the length of time the telephone
receivers in question are "off the hook" for incoming or outgoing
calls for a period 60 days, beginning at any time within 14 days from
the date of this Order, and that the tracing operations be without
geographical limits.

        IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that
special agents of the investigative agency may install, or cause to
be installed, and use trap and trace devices on the SUBJECT TELEPHONES
to capture and record the incoming electronic or other impulses which
identify the originating number, or other dialing, routing,
addressing, and signaling information reasonably likely to identify
the source of a wire or electronic communication, and to record the
date, time, and duration of calls created by such incoming impulses,
for a period of 60 days, beginning at any time within 14 days from
the date of this Order, and that the tracing operations be without
geographical limits.

        IT IS FURTHER ORDERED that this authorization for the
installation and use of pen registers and trap and trace devices
applies not only to the telephone numbers listed above for the SUBJECT
TELEPHONES, but also to any changed telephone numbers for the SUBJECT

---

that the provider will forward PCTDD to the Government and that the
Government will therefore be able, if it violates the court order,
to record and decode it.").

4

TELEPHONES subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONES to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of these Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen registers and trap and trace devices unobtrusively and with minimum interference.

5

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate these Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating these Orders shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen registers and trap and trace devices to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:    Brooklyn, New York
          April 7, 2014

                         s/Lois Bloom
                         HONORABLE LOIS BLOOM
                         UNITED STATES MAGISTRATE JUDGE
                         EASTERN DISTRICT OF NEW YORK

7

JMK
F#2013R00505

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION            :
OF THE UNITED STATES OF AMERICA            :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE               :    TO SERVICE PROVIDER
USE OF PEN REGISTERS AND                   :
TRAP AND TRACE DEVICES                     :
- - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. §§ 3121 et seq., authorizing the use of pen registers and trap and trace devices for a period of 60 days on (561) 366-2379 and (561) 366-2422, telephones issued by Bandwidth.com ("service provider") (the "SUBJECT TELEPHONES"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.    ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the Federal Bureau of Investigation (the "investigative agency") may install, or cause to be installed, and use pen registers to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONES to record the date and time of such dialings or transmissions, and to record the length of time the telephone receivers in question are "off the hook"

for incoming or outgoing calls for a period of 60 days, beginning
at any time within 14 days from the date of this Order.

2.   IT IS FURTHER ORDERED that, to the extent possible
in light of the service provider's technical capabilities, the
service provider shall forward to the investigative agency only those
digits dialed before a call is cut-through.  However, to the extent
that the service provider is unable to exclude post-cut-through
dialed digits, the service provider shall forward all dialed digits
to the investigative agency.

3.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123,
that special agents of the investigative agency may install, or cause
to be installed, and use trap and trace devices on the SUBJECT
TELEPHONES to capture and record the incoming electronic or other
impulses which identify the originating number, or other dialing,
routing, addressing, and signaling information reasonably likely to
identify the source of a wire or electronic communication, and to
record the date, time, and duration of calls created by such incoming
impulses, for a period of 60 days, beginning at any time within 14
days from the date of this Order, and that the tracing operations
be without geographical limits.

4.   IT IS FURTHER ORDERED that this authorization for the
installation and use of pen registers and trap and trace devices
applies not only to the telephone numbers listed above for the SUBJECT

3

TELEPHONES, but also to any changed telephone numbers for the SUBJECT TELEPHONES subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5.   IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONES to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register

4

and trap and trace device unobtrusively and with minimum
interference.

      7.   IT IS FURTHER ORDERED that the service provider and
any other person or entity providing wire or electronic communication
service in the United States whose assistance is used to facilitate
execution of the Order furnish the results of the pen register and
trap and trace device installations to special agents of the
investigative agency as soon as practicable, and on a continuing
basis, 24 hours a day for the duration of the Order.

      8.   IT IS FURTHER ORDERED that the service provider and
any other person or entity that provides technical assistance in
executing this Order be compensated by the investigative agency for
reasonable expenses directly incurred in providing such assistance.

      9.   IT IS FURTHER ORDERED that this Order shall be sealed
until otherwise ordered by the Court, except that copies may be
retained by the United States Attorney's Office, the investigative
agency, the service provider and any other person or entity whose
assistance is used to execute this Order.

10.   IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen registers and trap and trace devices to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:     Brooklyn, New York
           April 7, 2014

                              s/Lois Bloom

                              HONORABLE LOIS BLOOM
                              UNITED STATES MAGISTRATE JUDGE
                              EASTERN DISTRICT OF NEW YORK

6